## SWETT *vs.* PATRICK.

·nants in common, holding under one and the same deed, are not obliged to
·oin, in an action against their grantor for a breach of the covenant of war-
·anty in such deed.

·ı an action of covenant broken, the plaintiff declared in two counts: 1. for a
breach of the covenant of *warranty*, and 2. for a breach of the covenants of
both *warranty* and *seizin*. On *general demurrer*, the plaintiff prevailed, — for
though the second count was a *felo de se*, yet the first, considered *independently* of the second, as it should be, was good.

THIS was an action of *covenant broken*. The first count in the writ set out a breach of the covenant of *warranty*, in the de-

fendant's deed of a certain mill privilege. The second, set out *all the covenants* in the deed, and alleged a *breach of all.* The defendant craved oyer of the deed declared on, and then demurred generally. The deed set out in the pleadings, was in the usual form of a warranty deed, by which the defendant conveyed to the plaintiff, *J. & N. Warren* and *N. Partridge,* a certain mill privilege in *Gorham,* to be held by them one third each, in common and undivided.

*Longfellow,* for the defendant, contended, 1. that as the covenants in the deed were to the defendant and others *jointly,* the action should have been in the name of all. *Anderson* v. *Martindale,* 1 *East,* 497.

The covenant of *seizin* is a *personal* covenant, and does not pass with the land, therefore the action cannot be sustained, except in the names of all the covenanters.

2. Nor can the plaintiff recover on the covenant of *warranty,* because he has alleged that there was *no seizin,* — and this he is now *estopped* to deny. If therefore, there has been a breach of the covenant of *seizin,* there cannot be a breach of the covenant of *warranty* — and so the plaintiff must fail.

*Deblois,* for the plaintiff, cited the following authorities : *Buller's N. P.* 157; *Co. Litt.* 311, 315; *Hammond on parties,* 29; 1 *Levinz,* 109; *Ld. Raym.* 81 ; *Harrison* v. *Barnwell,* 5 *T. Rep.* 246 ; 1 *Saund.* 154, *note,* and cases there cited ; 5 *Bac. Abr.* 460; *Martin* v. *Williams,* 3 *Johns.* 264; *Dole v. Weeks,* 4 *Mass.* 452.

MELLEN C. J. delivered the opinion of the Court.

The deed of which oyer is prayed and which is set out by the defendant in his demurrer, conveyed an estate *in common* to the three grantees, *Swett, Partridge,* and *Warren.* Tenants in common have *several* freeholds, and if disseised, could not, at common law, join in a writ of entry against the disseisor ; though by our statute of 1826, *ch.* 347, they may *now* join in such an action, if they are inclined so to do ; but they are not obliged to ; nor, if they do join, is the nature of the estate and the tenancy thereby changed. The authorities cited by the plaintiff's counsel, clearly shew that the covenant of warranty, which runs with the land, where there are two or more grantees and covenantees,

Swett *v.* Patrick.

is a several covenant with each of the grantees in common; and each, on eviction by elder and better title, may sue alone for his damages. In the present case, it does not appear that either of the other grantees has been evicted or has any cause of action; we are not to presume that, as to either of *them,* the covenant of warranty has been violated. The *first* count sets forth *that* covenant *only,* and alleges a breach of it, and if there had been no *other* count, there could be no question that the action would be maintained on undisputed principles. But it is contended by the defendant's counsel, that the *second* count, in which *all* the covenants in the deed are declared upon, and the breach of *all* is alleged, contains an averment which is fatal to the plaintiff's asserted right of action, set forth in the *first* count; namely, that at the time of the execution of the deed, the defendant was *not seised;* and that so, no estate whatever passed by the deed; and, of consequence, that the covenant of warranty was not broken; because, as no estate passed, the plaintiff could never be evicted of any estate. Supposing then, that the action for breach of the covenant of *seizin* must be joint, still if the averments in the *second* count cannot have any influence on the *first* count, the action is well maintained. In the case of *Hacker* v. *Storer,* 8 *Greenl.* 228, it was decided, that where the declaration contained but one count in which the plaintiff declared on all the covenants in the deed, being the covenant of seizin, of freedom from incumbrances and to warrant and defend the premises, the action could not be maintained, as the count was a *felo de se :* but we consider the principle of law to be otherwise where there are several distinct counts, as in the case before us. Both the counts are good, separately considered; and where there are several counts, the merits of each are to be considered without reference to the others. No one count can be aided by another; averments in one count cannot be applied to *sustain* another; and for the same reason, they cannot be applied to *defeat* another. Each *count,* like each *plea,* where there are several, must stand by itself and be judged of independently. The authorities cited to this case seem clearly to establish it. Our opinion therefore is, that the demurrer must be overruled and judgment be entered for the plaintiff: because upon a general demurrer to a declaration, if any one count is good, the action is maintained.